IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

COREY JOHNSON                                                                                              PLAINTIFF

v.                                          Civil No. 1:20-cv-1033

ASHLEY COUNTY
DETENTION CENTER                                                                                         DEFENDANT

## **ORDER**

Currently before the Court is Plaintiff's failure to obey the Court's orders. Plaintiff Corey Johnson filed this 42 U.S.C. § 1983 action *pro se* on July 23, 2020. (ECF No. 1). However, Plaintiff failed to submit a signed certificate of account with his *in forma pauperis* ("IFP") application, and he named the Ashley County Detention Center as the only defendant in his complaint. That same day the Court ordered Plaintiff to either complete the IFP application and return it to this Court for review and filing or pay the $350.00 filing fee plus $50.00 administrative fee ($400.00 total) by August 13, 2020. (ECF No. 3). The order also directed Plaintiff to file an amended complaint by August 13, 2020. The Court informed Plaintiff that failure to timely and properly comply with the order would result in this case being dismissed. *Id.* (ECF No. 3).

On August 14, 2020, the Court ordered Plaintiff to show cause by August 25, 2020, as to why he failed to either submit a completed IFP application or pay the filing fee and file an amended complaint. (ECF No. 5). The order informed Plaintiff that failure to show cause by the Court's imposed deadline would result in the case being dismissed without prejudice. On August 17, 2020, Plaintiff submitted a completed IFP form. (ECF No. 6). The next day the Court granted Plaintiff's IFP application. (ECF No. 7). However, to date Plaintiff has not filed an amended complaint and the show cause order has not been returned as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused

from complying with substantive and procedural law. *Burgs v. Sissle*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey two orders of the Court directing him to file an amended complaint. Thus, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 2nd day of September, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge